**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

CA 08 252ML

| | | |
|---|---|---|
| Melissa Peraria and Crystal Bobero, on behalf of themselves and all others similarly situated, | : | |
| | : | Civil Action No: |
| Plaintiffs, | : | |
| v. | : | COMPLAINT - CLASS ACTION |
| CVS Caremark Corporation, | : | |
| | : | **JURY TRIAL DEMANDED** |
| Defendant. | : | |

## PLAINTIFFS' CLASS ACTION COMPLAINT

Plaintiffs Melissa Peraria and Crystal Bobero (collectively "Plaintiffs"), by their attorneys, alleges upon information and belief, the following:

1. This class action is brought, and these proceedings instituted, to redress the harms resulting from the sale of expired products at CVS Caremark Corporation. ("CVS" or "Defendant") to consumers. Plaintiffs make the following allegations, except as to the allegations specifically pertaining to Plaintiffs and Plaintiffs' counsel, based upon the investigation undertaken by Plaintiffs' counsel, which included, inter alia, review and analysis of Defendant's website, recent 10-K SEC filing, news articles, and New York and California Attorney General's press release.

2. Plaintiffs bring this class action suit on their own behalf and on behalf of all other persons in the United States against Defendant for selling expired products to consumers. More specifically, this action arises from the Defendant's sale of potentially dangerous expired products, including milk, eggs, over-the-counter ("OTC") medicines, and baby formula. Many of

the expired products at issue were sold over a year past their expiration dates. As a result of Defendant's wrongful actions, customers purchased products which were ineffective or had diminished efficacy and/or were potentially unsafe.

3. Plaintiffs primarily seek to enjoin Defendant from continuing to sell expired products which are unsafe and/or ineffective and to require Defendant to offer Class members a right to return the expired products. In addition, Plaintiffs seek money damages for those Class members who can establish that they purchased expired goods.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. 1332(d), as the matter in controversy exceeds $5 million, the purported Plaintiffs and Class have members with diverse citizenship from Defendant, and there are more than 100 class members.

5. Venue in this Court is proper in that the Defendant transacted business in this county and the conduct complained of occurred in this district. Additionally, CVS is headquartered in Rhode Island.

## PARTIES

6. Plaintiff Melissa Peraria resides at 122 Wharton Court, Vincent Town, New Jersey. Around June 16, 2008, Plaintiff Peraria purchased expired Tylenol Arthritis Pain Medicine from CVS on Route 70, Marlton, New Jersey 08053. The medicine had an expiration date of January 2008.

7. Plaintiff Crystal Bobero resides at 4420 West 42 Street, Los Angeles, California. On June 18, 2008, Plaintiff Bobero purchased CVS Added Strength Headache Relief medicine

from CVS at 1485 E. Valley Boulevard, Alhambrea, California. The medicine had an expiration date of January 2008.

8. Defendant CVS is a Delaware corporation with its headquarters at One CVS Drive, Woonsocket, Rhode Island 02895. CVS stores sell prescription drugs and a wide assortment of general merchandise, including over-the-counter drugs, beauty products and cosmetics, photo finishing, seasonal merchandise, greeting cards and convenience foods. CVS operates stores in Pennsylvania and throughout the United States.

## OPERATIVE FACTS

9. CVS, a fully integrated pharmacy services company, purports to have approximately $80 billion in annual revenues. Its stock trades on the New York Stock Exchange under the symbol CVS. It has 6,300 stores located in over 40 states.

10. On June 12, 2008, the New York State Attorney General announced that his office was taking legal action against CVS after a statewide investigation into retail drug stores found that CVS had sold expired products at stores across New York State. The Attorney General's press release stated, in relevant part:

> In March, Attorney General Cuomo's Office began a statewide, undercover investigation of all major drug store chains in New York State. The probe uncovered an egregious pattern at two of the largest chains: CVS and Rite Aid. Statewide, **the Attorney General's investigation has so far uncovered that 142 CVS** and 112 Rite Aid **stores in over 41 counties sold expired products**. **This reflects 60 percent of the CVS stores visited** and 43 percent of the Rite Aid stores visited.
>
> At these locations, undercover investigators were able to purchase more than 600 expired products, including milk, eggs, medicines, and baby formula. Several of the expired products were over one-year-old.

> Because of the companies' failure to remove potentially dangerous products from their shelves, Attorney General Cuomo has sent the companies a five day notice letter, as required by statute, notifying both CVS and Rite Aid of the intent to commence litigation against them.
>
> 'My ongoing investigation has uncovered a shameful disregard for public health in these stores,' said Attorney General Cuomo. 'Families across New York State buy products from these establishments assuming that they're coming from a safe, reputable source. However, when the products pass their expiration dates, they become ineffective and potentially unsafe, threatening to put our loved ones at risk. These companies allowed personal profit to get ahead of their customers' health. I am committed to protecting New York consumers and we will continue to investigate this troubling practice.'

(emphasis added).

11. On June 12, 2008, ABCNews.com reported that, according to Eric Corngold, the head of the economic justice unit in the New York Attorney General's Office, "[i]n some cases, over-the-counter medication was being sold **two years after** the expiration date" (emphasis added). Corngold also stated "[s]ince March, prompted by complaint, from consumers, dozens of undercover investigators visited close to 1,000 stores and detected an 'egregious pattern at . . . CVS' of selling expired products."

12. According to a New York Daily News article, dated June 13, 2008, "[t]he Daily News found lots of expired medicines on the shelves in New York drugstores Thursday - hours after officials accused two chains of selling outdated pills, milk and baby formula. Acetaminophen pain relievers that should have been pulled last year were still being sold. . .Not only are the products a waste of money, they could pose health risks."

13. Moreover, according to a New York CBS article (wcbstv.com), dated June 13, 2008, "CVS entered into an agreement 5 years ago with the Attorney General's office, promising to stop selling items past their expiration date."

14. The June 12, 2008, ABCNews.com article also revealed that "[i]n March, inspectors for the Fairfield Department of Health in Pennsylvania found 100 expired baby food items at six stores, including 38 at a CVS in Lancaster."

15. Additionally, on June 19, 2008, California's Attorney General Edmund G. Brown issued a press release, which called upon CVS to stop selling expired products and which announced that California investigators had also found dozen of CVS pharmacies with old and expired products. The Attorney General's press release stated, in relevant part:

> California Attorney General Edmund G. Brown today called upon CVS Pharmacy to immediately stop selling expired products, including baby food and over-the-counter medications, which were discovered during recent undercover shopping investigation in Southern California. . .
>
> '**State investigators found that dozens of CVS pharmacies in Southern California have sold old and expired products, including medicines and baby food.**' Attorney General Brown said. 'CVS Pharmacy should immediately pull those expired products from its shelves and ensure that these consumer safety violations do not occur again.' Brown added.
>
> **During a recent undercover shopping operation, state investigators found 48 expired products on the shelves of 26 CVS Pharmacies in Los Angeles, Orange and San Diego Counties. . .Some of the products' "sell by" dates were hidden with price tags or other store tickers.**
>
> Recent investigations by the New York Attorney General have also found that CVS Pharmacies in New York have engaged in similarly unlawful selling practices. In a letter sent today, Attorney General Brown asked CVS Pharmacy to change its sales practices to make certain that sales of expired product do not occur in the future.

The California Attorney General's Office had launched its investigation into CVS Pharmacy sales practices in March, 2008 after receiving consumer reports about expired products on store shelves in Southern California.

Although California law does not explicitly prohibit the sale of certain expired products, federal laws require that products contain expiration dates. The attorney general asserts that placing expired items on its shelves violates false advertising and unfair business practices statutes because CVS Pharmacy falsely implies that its products meet national quality control standards.

(Emphasis added)

16. Upon information and belief, and as evidenced by Plaintiff Peraria's own experience purchasing expired products from a CVS in New Jersey, Defendant's unlawful conduct is not limited to stores within that State of New York, Pennsylvania, and California, but rather, is a systemic problem effecting consumers throughout the country.

17. Plaintiff Melissa Peraria shopped at CVS in Marlton, New Jersey, where as a result of CVS's actions or failure to act, Plaintiff Peraria purchased expired medication, namely, Tylenol Arthritis Pain Medicine, which was no longer suitable for consumption and exposed her to risks.

18. Plaintiff Crystal Bobero shopped at CVS in Alhambrea, California, where as a result of CVS's actions or failure to act, Plaintiff Bobero purchased expired medication, namely, CVS Added Strength Headache Relief, which was no longer suitable for consumption and exposed her to risks.

## CLASS ACTION ALLEGATIONS

19. Plaintiffs seek to maintain the action as a class action under Rule 23(b)(2) of the Federal Rules of Civil Procedure. A Rule 23(b)(2) class is appropriate because the primary and predominating relief sought is injunctive. Alternatively, Plaintiffs seek certification under Rule 23(b)(3). The Class consists of all persons in the United States who purchased expired products from CVS, and who were damaged thereby ("the Class"). The Class does not include Defendant, or its officers, directors, agents or employees.

20. The Class is believed to consist of thousands of customers of CVS. The members of the Class are so numerous that joinder of all members is impracticable.

21. Common questions of law and fact exist as to all members of the Class, and predominate over any questions affecting solely individual members of the Class. Among the questions of law and fact common to the Class are:

a. whether Defendant breached any implied warranties in selling expired products;

b. whether Defendant breached implied contracts in selling expired products;

c. whether the Class is entitled to injunctive relief and/or monetary damages.

22. Plaintiffs' claims are typical of the claims of the members of the Class, as the claims all arise from the same set of facts, namely Defendant's failure to ensure that expired products were not being sold.

23. Plaintiffs will fairly and adequately protect the interests of the members of the Class, and have retained counsel competent and experienced in class action litigation. Plaintiffs have no interests antagonistic to, or in conflict with, those of the Class.

24. The action may be maintained as a class action pursuant to Rule 23(b)(2) because the Defendant violated the law by selling expired products. Requiring Defendant to comply with the law by ceasing to sell expired products and offering a right of return to Class members is appropriate, and the primary and predominating relief sought here is injunctive relief.

25. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, since joinder of all members is impracticable. Furthermore, because the damages suffered by the individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class individually to redress the wrongs done to them.

26. There will be no difficulty in the management of this action as a class action. Moreover, judicial economy will be served by the maintenance of this lawsuit as a class action, in that it is likely to avoid the burden which would be otherwise placed upon the judicial system by the filing of thousands of similar suits. There are no obstacles to effective and efficient management of the lawsuit as a class action.

## COUNT I

## BREACH OF IMPLIED CONTRACT

27. Plaintiffs repeat and re-allege the allegations contained in the foregoing paragraphs as if fully set forth herein.

28. When buying products from Defendant, Plaintiffs and the Class entered into implied contracts with CVS such that CVS would sell them products which were unexpired and not ineffective and/or harmful.

29. Without such implied contracts, customers (including Plaintiffs and the Class) would not have purchased such products from Defendant.

30. CVS breached these implied contracts, and, as a result of these breaches, Plaintiffs and the Class have been harmed as alleged herein.

## COUNT II

## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

31. Plaintiffs repeat and re-allege the allegations contained in the foregoing paragraphs as if fully set forth herein.

32. Defendant is a merchant pursuant to sections 2-104 and 2-314 of the Uniform Commercial Code.

33. Through Defendant's marketing and sales, Defendant impliedly warranted that the products, which were sold to Plaintiffs and Class members, were fit for the ordinary purpose for which they were intended, namely consuming food and beverages and treating various medical conditions, pursuant to section 2-314 of the Uniform Commercial Code.

34. Through Defendant's marketing and sales, Defendant knew that Plaintiffs and Class members would purchase the products at issue for the ordinary purpose of the consumption of food and beverages and to treat various medical conditions.

35. Defendant manufactured, advertised, sold, and/or distributed the products at issue for the ordinary purpose for which they were purchased by Plaintiffs.

36. Plaintiffs and Class members purchased and used the products for the ordinary purposes for which such goods are sold, namely the consumption of food and beverages and to treat various medical conditions.

37. Plaintiffs and Class members relied upon Defendant's express and/or implied representations in purchasing the products.

38. The products purchased by Plaintiffs and Class members were unfit for their ordinary purpose when sold. In fact, such products often had expired over a year prior to their being purchased by Class members and were ineffective or had diminished efficacy and/or were potentially unsafe. Therefore, Defendant breached the implied warranty of merchantability in the sale of the products at issue.

39. Plaintiffs and members of the Class sustained damages as a proximate result of said breach of warranty.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, respectfully request the following relief:

A. that this Court certify this action as a Class action pursuant to Federal Rule of Civil Procedure 23(a), (b)(2), and, alternatively, (b)(3), and appoint Plaintiffs and their counsel to represent the Class;

B. that this Court enter judgment in favor of Plaintiffs and the Class, and against Defendant CVS under the legal theories alleged herein;

C. that this Court issue an injunction ordering Defendant CVS to stop selling expired product;

D. that this Court issue an injunction ordering Defendant CVS to offer Class members a right to return the offending products a full refund;

E. that this Court award damages resulting from Defendant's conduct, if any, to Plaintiffs and the Class under the legal theories alleged herein

F. that this Court award attorneys' fees, expenses, and costs of this suit;

G. that this Court award Plaintiffs and the Class pre-judgment and post-judgment interest at the maximum rate allowable by law; and

H. that this Court award such other and further relief as it may deem just and appropriate.

**JURY TRIAL DEMAND**

Plaintiffs, on behalf of themselves and the Class, demand a trial by jury on all issues so triable.

Dated: July 1, 2008

Respectfully Submitted,

Barry J. Kusinitz (#1404)
155 South Main Street, Suite 405
Providence, R.I. 02903
(401) 831-4200
(401) 831-7053 (Fax)
bkusinitz@bdglawyers.com (E-mail)
Local Counsel

BRODSKY & SMITH, LLC
Jason Brodsky, Esquire
Evan J. Smith, Esquire
Two Bala Plaza, Suite 602
Bala Cynwyd, PA 19004
(610) 667-6200
(610) 667-9029 (Fax)

BERGER & MONTAGUE, P.C.
Sherrie R. Savett, Esquire
Michael T. Fantini, Esquire
Doug Risen, Esquire
Shoshana T. Savett, Esquire
1622 Locust Street
Philadelphia, PA 19103
(215) 875-3000
(215) 875-4636

Proposed Co-Lead Counsel for Plaintiff and the Class