UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MELISSA PERARIA AND CRYSTAL BOBERO, on behalf of themselves and all others similarly situated, | : | |
| Plaintiffs, | : | |
| v. | : | C.A. No. 08-252ML |
| CVS CAREMARK CORPORATION, | : | |
| Defendant. | : | |

**DEFENDANT CVS CAREMARK CORPORATION'S**
**ANSWER TO PLAINTIFFS' CLASS ACTION COMPLAINT**

Defendant CVS Caremark Corporation ("CVS") hereby answers and responds, through its counsel, to the allegations in Plaintiffs' class action complaint as follows:

1. Denied.

2. Denied.

3. Denied.

## JURISDICTION AND VENUE

4. Denied.

5. Admit only that CVS is headquartered in Rhode Island. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation that the conduct complained of occurred in this District and therefore those allegations are denied. All remaining allegations are denied.

## PARTIES

6. Defendant denies that Melissa Peraria purchased any products from it, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contain in paragraph 6 of the complaint and therefore those allegations are denied.

7. Defendant denies that Crystal Bobero purchased any products from it, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contain in paragraph 7 of the complaint and therefore those allegations are denied.

8. Admit only that CVS is a Delaware corporation with its headquarters at One CVS Drive, Woonsocket, Rhode Island 02895 and that CVS stores sell prescription drugs and an assortment of merchandise. All remaining allegations are denied.

## OPERATIVE FACTS

9. Admit only that CVS's stock is traded on the New York Stock Exchange under the symbol CVS and that there are 6,300 CVS stores in 40 states. Admit only that the CVS 2007 annual report states that the company had approximately $76 billion in revenues. Otherwise, denied.

10. Admit only that the New York Attorney General issued a press release which is not competent evidence. CVS denies Plaintiffs' characterization of the press release and the remaining allegations of paragraph 10.

11. Admit only that ABCNews.com quoted Eric Corngold, which quote is not competent evidence. CVS denies Plaintiffs' characterization of the ABCNews.com report and the remaining allegations of paragraph 11.

12. Admit only that the New York Daily News published an article which is not competent evidence. CVS denies Plaintiffs' characterization of the article and the remaining allegations in paragraph 12.

13. Admit only the New York CBS published an article which is not competent evidence. CVS denies Plaintiffs' characterization of the article and the remaining allegations in paragraph 13.

14. Admit only that ABCNews.com published an article which is not competent evidence. CVS denies Plaintiffs' characterization of the article and the remaining allegations in paragraph 14.

15. Admit only that California's Attorney General issued a press release which is not competent evidence. CVS denies Plaintiffs' characterization of the press release and the remaining allegations in paragraph 15.

16. Denied.

17. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations as to what Plaintiff Melissa Peraria purchased at a CVS store, if anything, and therefore those allegations are denied. All remaining allegations in this paragraph are denied.

18. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations as to what Plaintiff Crystal Bobero purchased at a CVS store, if anything, and therefore those allegations are denied. All remaining allegations in this paragraph are denied.

## CLASS ACTION ALLEGATIONS

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

## COUNT I

## BREACH OF IMPLIED CONTRACT

27. Defendant repeats and realleges its answers contained in the foregoing paragraphs as if fully set forth herein in response to the allegations of paragraph 27.

28. Denied.

29. Denied.

30. Denied.

## COUNT II

## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

31. Defendant repeats and realleges its answers contained in the foregoing paragraphs as if fully set forth herein in response to the allegations of paragraph 31.

32. The allegations in paragraph 32 seek conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

33. Denied.

34. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding why the Plaintiffs or putative class members

purchased products from a CVS store, if any, and therefore the allegations in paragraph 34 are denied.

35. Defendant is without knowledge or information sufficient to form a belief as the to truth of the allegations regarding why the Plaintiffs or putative class members purchased products from a CVS store, if any, and therefore the allegations in paragraph 35 are denied.

36. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding why the Plaintiffs or putative class members purchased products from a CVS store, if any, and therefore the allegations in paragraph 36 are denied.

37. Denied.

38. Denied.

39. Denied.

## ADDITIONAL DEFENSES

### First Defense

Plaintiffs' complaint fails to state a claim for which relief may be granted.

### Second Defense

Plaintiffs' complaint does not satisfy the procedural prerequisites of Federal Rule of Civil Procedure 23(a) and 23(b).

### Third Defense

Plaintiffs cannot demonstrate that a class action is maintainable.

### Fourth Defense

Plaintiffs' complaint is barred for lack of subject matter jurisdiction.

**Fifth Defense**

Plaintiffs' complaint is barred in whole or in part by the statute of limitations and/or the doctrine of laches.

**Sixth Defense**

Plaintiffs' complaint is barred in whole or in part to the extent there is no privity of contract between plaintiffs (or the putative class members) and defendant.

**Seventh Defense**

Plaintiffs' complaint is barred in whole or in part because products sold at CVS stores were fit for their ordinary purpose when sold.

**Eighth Defense**

Plaintiffs' complaint is barred in whole or in part because they have not suffered any damages.

**Ninth Defense**

Plaintiffs' complaint is barred in whole or in part to the extent plaintiffs misused or modified the products.

**Tenth Defense**

Plaintiffs' complaint is barred in whole or in part to the extent they failed to give timely notice of the alleged breach of warranty.

**Eleventh Defense**

Plaintiffs' complaint is barred in whole or in part to the extent there is a disclaimer on the product or products.

**Twelfth Defense**

Plaintiffs' complaint is barred in whole or in part to the extent there is an arbitration clause governing any of the products at issue.

**Thirteenth Defense**

Plaintiffs' complaint is barred in whole or in part to the extent the alleged expired expiration dates were apparent.

**Fourteenth Defense**

Plaintiffs' complaint is barred in whole or in part by the doctrine of preemption.

WHEREFORE, CVS respectfully requests the following relief:

A. that this Court deny Plaintiffs' request to certify this action as a Class action;

B. that this Court enter judgment in favor of Defendant and against the Plaintiffs;

C. that this Court deny Plaintiffs' claims for injunctive relief and all other relief requested by Plaintiffs;

D. that this Court award Defendant attorneys' fees, expenses, and costs of this suit; and

E. that this Court award such other and further legal and equitable relief as it may deem just and appropriate.

CVS CAREMARK CORPORATION

By and through its Counsel

/s/ William R. Grimm
William R. Grimm (#1938)
Mitchell R. Edwards (#6942)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, Rhode Island 02903
(401) 274-2000
(401) 277-9600 (fax)
wgrimm@haslaw.com
medwards@haslaw.com

August 15, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that I served a copy of the Defendant's Answer to Plaintiffs' Class Action Complaint to counsel of record via the ECF system.

/s/ Mitchell R. Edwards
Mitchell R. Edwards

#916110